## *State of New Jersey*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 116
TRENTON, NJ 08625-0116

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

ROBERT LOUGY
*Acting Attorney General*

MICHELLE L. MILLER
*Acting Director*

April 4, 2016

Honorable Noel L. Hillman, U.S.D.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

Re:  **Susan Chana Lask v. Louis R. Meloni, et al.**

**Docket No.: 15-07606(NLH-JS)**

**Motion to Dismiss Plaintiff's Complaint**

Dear Judge Hillman:

Please accept this Letter Brief in support of the Motion to Dismiss Plaintiff's Complaint filed on behalf of Defendants, the Honorable Louis R. Meloni, J.S.C. (improperly plead as "Louis R. Meloni") and the Honorable Deborah Silverman Katz, A.J.S.C. (improperly plead as "Deborah Silverman-Katz"), in lieu of a more formal brief.

**PRELIMINARY STATEMENT**

Dissatisfied with her State Court proceedings, Plaintiff Susan Chana Lask filed this Complaint against the Honorable Louis R. Meloni, J.S.C., and the Honorable Deborah Silverman



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 633-1411 • FAX: (609) 633-8702 • Akeel.Qureshi@dol.lps.state.nj.us
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

Katz, A.J.S.C., disputing the impartiality of Judge Meloni, asserting that Judge Katz ignored complaints by Plaintiff about Judge Meloni, and alleging violations of her civil rights. These claims are procedurally barred and without merit. Plaintiff's Complaint should be dismissed with prejudice on the basis of the *Younger-Abstention* doctrine, the *Rooker-Feldman* doctrine, sovereign immunity, judicial immunity, and failure to allege facts sufficient to support claims.

### PROCEDURAL HISTORY AND STATEMENT OF FACTS[1]

On October 19, 2015, Plaintiff filed a Complaint against Defendants are the Hon. Louis R. Meloni, J.S.C., and the Hon. Deborah Silverman Katz (collectively, the "Judiciary Defendants"). (CM/ECF No. 1).  Plaintiff's Complaint is based on her underlying ongoing State Court action against Carl Poplar, Esq., and others. *Id.* at ¶ 13.  Plaintiff filed her complaint in the underlying State court matter against Mr. Poplar in November of 2013. *Id.* at ¶ 13.  The matter was transferred from Essex County to Camden County and Judge Meloni was assigned to preside over it until his recusal on August 7, 2015. *Id.* at ¶¶ 14, 64.

In her Complaint, Plaintiff enumerates alleged instances to support her assertion that Judge Meloni demonstrated bias in

---

[1] As the Procedural History and Statement of Facts are inextricably intertwined, they have been combined for the Court's convenience.

April 4, 2016
Page 3

favor of Mr. Poplar in the underlying State court matter. *Id.* at pp 3-13. In August 2014, Judge Meloni allegedly ordered Plaintiff to release purported privileged communications to Mr. Poplar as a part of discovery and allegedly refused Plaintiff's request to adjourn a motion hearing. *Id.* at ¶¶ 18-21. On October 31, 2014, Judge Meloni allegedly dismissed part of Plaintiff's complaint "after taking unsworn testimony at oral argument" and allegedly ignored Plaintiff's motions to disqualify Mr. Poplar and other defendants. *Id.* at ¶¶ 22-25. Plaintiff also alleges that Judge Meloni "ignored their conflict because he predetermined the case when it was assigned to him and he knew he would dismiss it anyhow against his crony [Mr. Poplar] and his cohorts in due course." *Id.* at ¶ 25.

Plaintiff further alleges that from January through May 2015, Judge Meloni demonstrated bias toward Mr. Poplar by issuing orders directing Plaintiff to provide more specific answers to discovery and "accus[ing] Plaintiff of being in discovery default." *Id.* at ¶ 26. Next, Plaintiff alleges that Judge Meloni dismissed Plaintiff's case without prejudice. *Id.* at ¶ 31.

Plaintiff makes much of a purported "ex parte meeting" between Judge Meloni and defendants in Plaintiff's state court matter that allegedly occurred on January 26, 2015. *Id.* at

¶¶ 32-62. This "meeting" was, however, a trial date appearance for which Plaintiff failed to appear. *See Id.*, *Ex. D* at p 3. Plaintiff alleges that Judge Meloni and defendants in the State court matter "were secretly meeting to violate [Plaintiff's] civil rights to a fair trial and impartial forum..." (CM/ECF No. 1 at p 9). On May 29, 2015, Judge Meloni dismissed Plaintiff's state court matter without prejudice. *Id.* at ¶ 62.

In July 2015, Plaintiff filed a motion to recuse Judge Meloni on that basis of his alleged bias and "political connection to [Mr.] Poplar" and the purported ex parte meeting of January 26, 2015. *Id.* at ¶ 63. On August 7, 2015, Judge Meloni allegedly denied two motions by Plaintiff pertaining to discovery requests. *Id.* at ¶ 66. On August 7, 2015, Judge Meloni entered his own order of recusal, having denied Plaintiff's motion for recusal. *Id.* at ¶ 64.

In August 2014, Plaintiff allegedly complained to Assignment Judge Silverman Katz about Judge Meloni's alleged biased conduct. *Id.* at ¶ 70. Plaintiff alleges that Assignment Judge Silverman Katz and Trial Court Administrator Kelly Law ignored complaints regarding Judge Meloni "to uphold their de facto policy in the Camden vicinage to protect their brethren and not report them to the Judicial Committee despite an abuse of power violating constitutional rights of litigants." *Id.* at

¶ 71. Plaintiff further alleges that Assignment Judge Silverman Katz and Trial Court Administrator Law met with Judge Meloni "to plan how he should recuse himself by lying about the facts of his recusal and to falsely accuse Plaintiff of misconduct that never occurred" in order to conceal misconduct by Judge Meloni. *Id.* at ¶ 72. Plaintiff alleges that Assignment Judge Silverman Katz refused to honor her supervisory position "to protect the integrity of the court". *Id.* at ¶ 73.

Plaintiff alleges that the actions taken by Defendants in this matter have violated her federal and State constitutional rights. *Id.* at pp 14-17. Plaintiff seeks monetary damages only from Judge Meloni. *Id.* at ¶ 101. Plaintiff seeks the following declaratory and injunctive relief against all Defendants:

> A. Issue a declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of New Jersey;
>
> B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct, specifically that they will (a) cease their de facto custom and policy of protecting their brethren by refusing to report misconduct to the disciplinary committees, (b) cease directing their judges to lie about the reasons of recusal when they are caught in ex parte meetings, (c) cease the Camden vicinage policy of condoning and permitting *ex parte* meetings and (d) issue an injunction mandating an audit of all of the cases handled by Meloni as judge for the County of Camden to determine and remedy the depth of

the pervasive and severe constitutional violations;

C. An order directing Defendants to send Plaintiff's case to another venue so an impartial venue can take such affirmative action as is necessary to ensure that the effects of the unlawful conduct engaged in the Camden vicinage are eliminated from her case do not continue to affect it by reason of Meloni's orders made without jurisdiction;

*Id.* at ¶ 104.

This Motion to Dismiss in Lieu of an Answer follows.

## STANDARD OF REVIEW

### A. MOTION TO DISMISS PURSUANT TO *FED. R. CIV. P.* 12(b)(1)

When considering a motion to dismiss under *Fed. R. Civ. P.* 12(b)(1), a District Court must distinguish between facial and factual challenges to its subject matter jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "In a facial attack a Defendant argues that the Plaintiff did not properly plead jurisdiction . . . [whereas] a 'factual attack' asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005). If the court is considering a "factual" attack, where a challenge is based on the sufficiency of the jurisdictional fact, the court is free to weigh the evidence and satisfy itself whether it has the power to hear the case. *Brown v. U.S. Steel Corp.*, 2010 U.S. Dist. LEXIS 115503,

at *6 (W.D. Pa. Oct. 29, 2010). In doing so, the court should "consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the Plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). Nevertheless, for either a facial or factual attack, the burden is on the plaintiff to prove jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

In the instant case, the *Rooker-Feldman* and *Younger* Abstention doctrines deprives this Court of jurisdiction. Additionally, the Judiciary Defendants are entitled to sovereign immunity under the Eleventh Amendment. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

**B. MOTION TO DISMISS PURSUANT TO *FED. R. CIV. P.* 12(b)(6)**

On a motion to dismiss pursuant to *Fed. R. Civ. P.* 12(b)(6), a reviewing court must accept the plaintiff's factual allegations as true. However, the plaintiff's conclusory allegations and legal conclusions are not entitled to the same assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Anspach v. City of Philadelphia*, 503 F.3d 256, 260 (3d Cir. 2007) (quoting *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (noting that conclusory

allegations or legal conclusions masquerading as factual allegations will not suffice to prevent dismissal)).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678. Where the claims asserted are fatally defective and the plaintiff cannot plead any facts to support his claims, it is appropriate for the court to dismiss a complaint without permitting the plaintiff to make a curative amendment of his pleading. *Oran v. Stafford*, 34 F. Supp. 2d 906, 913-14 (D.N.J. 1999), *aff'd*, 226 F.3d 275 (3d Cir. 2000). Thus, dismissal for failure to state a claim is justified where the asserted claim lacks a required element, *Campbell v. City of San Antonio*, 43 F. 3d 973, 975 (5th Cir. 1995), or where there is an "insuperable barrier" to a claim such as an immunity. *See Flight Sys., Inc. v. Elec. Data Sys.*, 112 F.3d 124, 127-28 (3d Cir. 1997); *Camero v. Kostos*, 253 F. Supp. 331, 338 (D.N.J. 1966).

When evaluating motions to dismiss, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004). A document is found to form the basis of a claim where it is "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory*

*Sec. Litig*, 114 F.3d 1410, 1426 (3d Cir. 1997). "The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document." *Lum*, 361 F.3d at 222 n.3.

Here, even taking all the allegations in the Complaint as true, Judge Meloni is entitled to absolute judicial immunity. Further, Plaintiff fails to state a claim upon which relief can be granted. Accordingly, Plaintiff's Complaint against the Judiciary Defendants should be dismissed with prejudice.

### ARGUMENT

### POINT I

**THE *YOUNGER* ABSTENTION DOCTRINE INSTRUCTS THAT THE COURT SHOULD ABSTAIN FROM HEARING PLAINTIFF'S ALLEGATIONS.**

Plaintiff's Complaint must be dismissed based on the *Younger* abstention doctrine. The *Younger* abstention doctrine instructs that absent extraordinary circumstances justifying intrusion, federal courts should refrain from taking any action in cases where the federal plaintiff has or had adequate redress available in state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

April 4, 2016
Page 10

The *Younger* Court explained that the abstention doctrine was born from:

> a notion of comity, that is, a proper respect for the state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the national Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.
> *Id.*

While the *Younger* doctrine requires abstention where there are ongoing state court proceedings, it also requires abstention where a plaintiff did not exhaust his or her state court remedies. *O'Neill v. City of Philadelphia*, 32 F.3d 785, 790 (3d. Cir. 1994). The *O'Neill* court explained that:

> It is well-settled that, for *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in midprocess would demonstrate a lack of respect for the State as sovereign. Thus, a necessary concomitant of *Younger* is that a party wishing to contest in federal court the judgment of a state judicial tribunal must exhaust his state appellate remedies before seeking relief in the District Court.

*Id.* (quotation marks, brackets and citations omitted).

In other words, the federal courts must refrain from intruding upon the right of the states to enforce their own laws in their own courts. *See Chiropractic America v. Lavecchia*, 180

F.3d 99 (3d. Cir. 1999).  Federal courts are required to abstain from hearing actions "in which important state interests are implicated, so long as the federal claimant has an opportunity to raise any constitutional claims [in the state proceeding]." *O'Neill,* 32 F.3d at 789.

The instant matter is an ideal candidate for abstention. Plaintiff asks the District Court to intervene in a pending State court action by requesting that the Court "enter an order directing Defendants to send Plaintiff's case to another venue..." *Compl.* at ¶ 104.  As Plaintiff's request is a matter of State court docketing, this Court should decline to hear Plaintiff's action.  *Younger*, 401 U.S. at 37; *O'Neill,* 32 F.3d at 790.

<u>**POINT II**</u>

**PURSUANT TO THE *ROOKER-FELDMAN* DOCTRINE, THIS COURT LACKS JURISDICTION AND <u>PLAINTIFF'S COMPLAINT MUST BE DISMISSED.</u>**

The *Rooker-Feldman* doctrine precludes a federal action where a losing party in state court complains of "injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Inc.,* 544 U.S. 280, 284 (2005). A disgruntled party to state court litigation cannot collaterally attack the

results of that litigation by claiming constitutional error in federal court. *See id.* (noting the *Rooker-Feldman* doctrine properly bars claims by "state court losers complaining of 'state court injuries.'")(citation omitted). The *Rooker-Feldman* doctrine bars claims that a plaintiff has been harmed by state court judgments. *Bukovinsky v. Pennsylvania*, 455 Fed. Appx. 163, 166 (3d Cir. 2011).

The instant matter was commenced after Judge Meloni's challenged State court judgments were entered and Plaintiff seeks from this Court a determination that those State court judgments were erroneously entered. *See Compl.* at ¶ 81.   Thus, Plaintiff seeks to circumvent the State court judgments by suing the Judiciary Defendants in federal court, and asking this Court to overturn the State court judgments. Accordingly, this suit against the Judiciary Defendants is barred by the *Rooker-Feldman* doctrine.

## POINT III

### PLAINTIFF'S COMPLAINT AGAINST THE JUDICIARY DEFENDANTS IS BARRED BY SOVEREIGN IMMNUNITY.

It is well-recognized that the states, state agencies and state officials acting in their official capacity cannot be sued under the principles of sovereign immunity and the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989). Sovereign immunity extends to state agencies

and state officers who act on behalf of the state, *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997), and bars recovery in suits brought pursuant to 42 U.S.C. § 1983. *Will, supra,* 491 U.S. at 64.

Sovereign immunity also deprives this Court of jurisdiction over all of Plaintiff's claims that sound in the constitutional, statutory, or common law of the State of New Jersey. In *Raygor v. Regents of the University of Minnesota*, the Court concluded that the supplemental jurisdiction statute, 28 U.S.C. § 1367, does not authorize district courts to exercise jurisdiction over claims against non-consenting States. 534 U.S. 533, 541 (2002); *see also Figueroa v. City of Camden*, 580 F. Supp. 2d 390, 405 (D.N.J. 2008)(acknowledging that the "Supreme Court has stated unequivocally that § 1367(a)" does not override State's sovereign immunity).

In this case, Plaintiff makes claims against the Judiciary Defendants for actions taken by them in their official capacities as Superior Court Judges for the State of New Jersey. *See Compl.* at pp 3-14.  Judge Meloni and Assignment Judge Silverman Katz are State officers as Judges of the Superior Court of New Jersey.  *See Regents, supra*, 519 U.S. at 429.  As such, Judge Meloni and Assignment Judge Silverman Katz are entitled to the State's sovereign immunity.

April 4, 2016
Page 14

Based on the foregoing, Plaintiff's Complaint against the Judiciary Defendants should be dismissed with prejudice.

### POINT IV

**THE JUDICIARY DEFENDANTS ARE NOT "PERSONS" UNDER 42 U.S.C. § 1983 OR THE NEW JERSEY CIVIL RIGHTS ACT ("NJCRA"), N.J.S.A. § 10:6-2, et. seq.**

Plaintiff's Complaint should be dismissed as the Judiciary Defendants are not "persons" amenable to suit pursuant to 42 U.S.C. § 1983 or the NJCRA.

#### A. The Judiciary Defendants are not Persons Amenable to Suit Pursuant to § 1983.

Through § 1983, Congress provided a vehicle by which "persons," within the meaning of that Act, may be sued for interfering with constitutional rights. However, "an entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983". *Howlett v. Rose*, 496 U.S. 356, 365 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Moreover, while State officials literally are persons, a suit against a state official in his or her official capacity is not a suit against the official, but is a suit against the official's office. *Will*, 491 U.S. at 71. "As such, it is no different from a suit against the State itself." *Id.* The Court in *Will* explicitly applied this interpretation to § 1983, stating that

it "hold[s] that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.*

Suit against Judiciary Defendants in their official capacities is equivalent to suit against the State. Accordingly, the Judiciary Defendants in their official capacities are not "persons' amenable to suit under § 1983 and Counts One and Three must be dismissed with prejudice.

### B. The Judiciary Defendants are not Persons Amenable to Suit Pursuant to the NJCRA.

The New Jersey Legislature adopted the NJCRA "for the broad purpose of assuring a state law cause of action for violations of state and federal constitutional rights and to fill any gaps in state statutory anti-discrimination protection." *Owens v. Feigin*, 194 N.J. 607, 611 (2008). The NJCRA was modeled after § 1983 and has been interpreted analogously. *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011). *See also Slinger v. New Jersey*, 2008 U.S. Dist. LEXIS 103317, at *15 (D.N.J. Dec. 19 2008)(the "NJCRA was intended to serve as an analog to [Section 1983]; it was intended to incorporate and integrate seamlessly with existing civil rights jurisprudence."). Because the NJCRA is modeled after § 1983 it shares the requirement that the defendant sued be a "person." *Slinger*, 2008 U.S. Dist. LEXIS 71723, at *19; *Chapman v. New*

April 4, 2016
Page 16

*Jersey*, 2009 U.S. Dist. LEXIS 75720, at *7 (D.N.J. Aug. 25, 2009). "Person" is defined as to preclude suits against officials acting in their official capacity. *Chapman*, 2009 U.S. Dist. LEXIS 75720, at *7.

In this case, Plaintiff brings suit against the Judiciary Defendants for actions taken in their official capacities as Superior Court Judges of the State of New Jersey. Therefore, Plaintiff's claims under the NJCRA (Count 2) should be dismissed because the Judiciary Defendants are not persons amenable to suit, and because the Judiciary Defendants have not consented to suit pursuant to the NJCRA. *Slinger*, 2008 U.S. Dist. LEXIS 103317.

## POINT V

### JUDGE MELONI IS ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY.

Plaintiff seeks monetary damages from Judge Meloni. *Compl.* at ¶ 101. Plaintiff's Complaint must be dismissed with prejudice because Judge Meloni is absolutely immune from suit under the doctrine of judicial immunity.

Judges are entitled to absolute immunity from suits based upon the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)(per curiam); *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Stump v. Sparkman,* 435 U.S. 349, 359 (1978); *Bradley v. Fisher*, 80 U.S. 335, 347 (1872). Judicial

immunity was established in order to permit judges to render decisions "with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Judicial immunity is intended to provide judges with the maximum ability to act fearlessly and impartially, without an atmosphere of intimidation. *Ferri v. Ackerman*, 444 U.S. 193, 203-04 (1979). It is necessary to assure that judges can perform their function without harassment or intimidation. *Butz v. Econmou*, 438 U.S. 478, 512 (1978).

To determine whether a judge's act is judicial, and immunity applies, the court looks at two factors: (1) whether the act is a function normally performed by a judge; and (2) the expectations of the parties, *i.e.*, if they dealt with the judge in his or her judicial capacity. *Figueroa v. Blackburn*, 208 F.3d 435, 443 (3d Cir. 2000). Immunity is available even when a judge's actions were erroneous, malicious or in excess of his or her authority. *Mireles*, 502 U.S. at 11; *Figueroa*, 208 F.3d at 443.

Absolute judicial immunity applies to suits brought under 42 U.S.C. § 1983. *Mireles*, 502 U.S. at 10; *Loigman v. Twp. Comm. of Middletown*, 185 N.J. 566, 580 (2006). Additionally, the New Jersey Tort Claims Act specifically provides that "[a] public employee is not liable for legislative or judicial action or

inaction, or administrative action or inaction of a legislative or judicial nature." *N.J. Stat Ann.* § 59:3-2(b).

Here, Plaintiff's claims against Judge Meloni arise out of judicial rulings made by Judge Meloni in Plaintiff's State court matter. See *Compl.* at pp 3-13. Judge Meloni's rulings were made within his official capacity. Therefore, Judge Meloni is entitled to absolute judicial immunity and Plaintiff's Complaint against Judge Meloni should be dismissed with prejudice.

<u>**POINT VI**</u>

**PLAINTIFF'S CLAIMS AGAINST THE JUDICIARY DEFENDANTS FOR DECLARATORY AND INJUNCTIVE RELIEF SHOULD BE DISMISSED AS PLAINTIFF HAS <u>NO BASIS FOR RELIEF.</u>**

While 42 *U.S.C.* § 1983 permits suits against state officials for prospective injunctive relief or declaratory relief, this Court should dismiss Plaintiff's claims for declaratory and injunctive relief since Plaintiff cannot establish a basis for such relief.

Congress amended 42 *U.S.C.* § 1983 in 1996 "to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial official for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Azubuko v. Royal*, 443 *F.*3d 302, 303-04 (3d Cir. 2006) (citing 42 *U.S.C.* § 1983). Although similar in many respects, the NJCRA

does not specifically exempt judicial officers from its provisions providing for injunctive relief. *N.J. Stat Ann.* § 10:6-2. Nevertheless, Plaintiff is not entitled to injunctive or declaratory relief under either statute because she has failed to articulate a basis for said relief.

The Third Circuit was presented with an opportunity to consider the effect of the 1996 amendment to § 1983 in *Azubuko*, *supra*, when a *pro se* litigant sought damages and an injunction barring the defendant judge from presiding over any future cases that involved the *pro se* litigant. *Id.* at 303. The Third Circuit held that because the *pro se* litigant failed to allege "that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought . . . does not address the actions of the [defendant judge] other than in his official capacity, [the *pro se* litigant's] claim for injunctive relief [was] barred." *Id.* at 304.

The instant matter is similar to *Azubuko*, *supra*, in a number of respects. Like in *Azubuko*, Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable. *See ibid.* The injunctive relief sought by Plaintiff also exclusively concerns the actions of Judge Meloni and Assignment Judge Silverman Katz in their official capacities as judges of the Superior Court. Thus, Plaintiff's

claim for injunctive relief is barred under § 1983, and her Complaint should be dismissed with prejudice. *See ibid.*

Additionally, to obtain injunctive relief, Plaintiff must show that there is an inadequate remedy at law and a serious risk of irreparable harm. *Davidson Bros., Inc. v. D. Katz & Sons, Inc.*, 121 N.J. 196 (1990) (observing that injunctions "are ordinarily issued in the discretion of the court" and that "a court may deny injunctive relief when damages provide an available adequate remedy at law"); *Friel v. Guercio*, 103 N.J. Eq. 284, 286 (1928) ("An injunction will not be granted when the complainant has a full and complete remedy at law."); *Johnson v. State of New Jersey*, 869 F. Supp. 289, 294 (D.N.J. 1994) (holding that while "'judicial immunity is not a bar to prospective [injunctive] relief against a judicial officer acting in her judicial capacity[,]'" a plaintiff must demonstrate that "there is an inadequate remedy at law and a serious risk of irreparable harm" to obtain injunctive relief) (quoting *Pulliam v. Allen*, 466 U.S. 522, 541-42, 80 L. Ed. 2d 565, 104 S. Ct. 1970 (1984)); *General Motors Corp. v. City of Linden*, 143 N.J. 336 (1996) (observing that state courts may not provide relief under § 1983 when state law provides an adequate remedy for relief) (citing *National Private Truck Council v.*

April 4, 2016
Page 21

*Oklahoma Tax Commission*, 515 U.S. 582, 115 S. Ct. 2351, 132 L. Ed. 2d 509 (1995)).

Here, Plaintiff has an adequate remedy at law in the form of filings she may make in her presently pending State court matter. Additionally, pursuant to N.J. Ct. R. 2:4-1(c), Plaintiff may have filed an application seeking leave to appeal from Judge Meloni's interlocutory orders of August 7, 2015. That she elected not to do so does not change that she had that option. Furthermore, pursuant to N.J. Ct. R. 2:4-1(a), Plaintiff will have forty-five days from the date of entry of a final judgment in her State court matter to file a Notice of Appeal. Because Plaintiff has an adequate remedy at law, she is not entitled to injunctive or declaratory relief and this Court should dismiss her injunctive relief claims against the Judiciary Defendants.

Moreover, "[w]hile a claim for injunctive relief is permitted against state officials sued in their official capacity, the plaintiff's claim for injunctive relief must be more than merely speculative." *Bolling v. Haymann*, 2010 U.S. Dist. LEXIS 36809 (D.N.J. 2010). An "[i]njunction is an extraordinary remedy that should be used sparingly." *Malhame v. Borough of Demarest*, 162 N.J. Super. 248, 266 (Law div. 1978), *appeal dismissed*, 174 *N.J. Super.* 28, 31 (App. Div. 1980). The

April 4, 2016
Page 22

purpose of an injunction is to prevent a continuing, irreparable injury. *McCullough v. Hartpence*, 141 N.J. Eq. 499, 502 (Ch. 1948). Here Plaintiff cannot show a continuing, irreparable injury. "Past exposure to [alleged] illegal conduct does not in itself show a present case or controversy regarding prospective relief." *Brown v. Fauver*, 819 F.2d 395, 400 (3d Cir. 1987).

Accordingly, because Plaintiff cannot make the requisite showing that she is not entitled to declaratory or injunctive relief, her claims for such relief should be dismissed with prejudice.

### POINT VII

**PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO STATE A CLAIM AGAINST THE JUDICIARY DEFENDANTS.**

Plaintiff fails to state a plausible claim under *Iqbal* against the Judiciary Defendants. Under *Iqbal*, 556 U.S. at 677-78, and its predecessor *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), Fed. R. Civ. P. 8's requirement of a "'short and plain statement of the claim' . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Where a complaint offers only "naked assertions devoid of further factual enhancement," it must be dismissed. *Id.*

Mere recitals of the elements of a claim, supported by conclusory statements, will not result in a *prima facie* claim.

*Iqbal*, 556 U.S. at 678.  Under *Fed. R. Civ. P.* 8, a plaintiff must present the grounds for her claim and this presentation must consist of more than labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff merely claims violations of her Constitutional rights without pleading facts sufficient to support her claims.

Plaintiff alleges that Judge Meloni denied motions made by Plaintiff in her State court action and showed bias in favor of the defendant, Carl Poplar, in that ongoing matter. *See Compl.* at pp 3-13.  Furthermore, Plaintiff alleges Judge Meloni had an "ex parte meeting" with defendants in Plaintiff's underlying state court matter on January 26, 2015. *Id.* at ¶¶ 32-41.  However, as shown by the transcript of the hearing attached to Plaintiff's Complaint, this "meeting" was in fact a trial date appearance for which Plaintiff failed to appear. *See Id.*, *Ex. D* at p 3.  Beyond conclusory allegations, Plaintiff provides no facts sufficient to support her legal causes of action.  Therefore, Plaintiff fails to set forth facts sufficient to establish any prima facie claims upon which relief can be granted.

Based on the foregoing, Plaintiff's Complaint must be dismissed pursuant to *Fed. R. Civ. P.* 12(b)(6) for failure to state a claim upon which relief can be granted.

April 4, 2016
Page 24

## CONCLUSION

For the reasons stated above, the Judiciary Defendants' Motion to Dismiss should be granted and Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

ROBERT LOUGY
ACTING ATTORNEY GENERAL OF NEW JERSEY

By:  *s/ Akeel A. Qureshi*
Akeel A. Qureshi
Deputy Attorney General

Dated:  April 4, 2016