UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Full Caption in District Court:

SUSAN CHANA LASK,
    (Plaintiff)

v.

LOUIS K. MELONI, et. al,
    (Defendant)

Docket No.: 15-7606

Judge: Noel L. Hillman

**Notice of Appeal to the U.S. Court of Appeals for the Third Circuit**

Notice is hereby given that  Susan Chana Lask, Plaintiff
(Named Party)
appeals to the United States Court of Appeals for the Third Circuit from

[ ] Judgment, [X] Order, [ ] Other   appeal from the entirety of the attached dkt 26, dated December 1, 2016 and entered December 2, 2016, dismissing Plaintiff's complaint.
(Specify)

Dated: December 31, 2016

Susan Chana Lask, Plaintiff
Appellant

by: Jamie Goldman, Esq.
Street

200 Centennial Avenue, Ste 200
City, State, Zip
Piscataway, NJ 08854   (732) 377-2058
Telephone

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SUSAN CHANA LASK,

       Plaintiff,

  v.

LOUIS K. MELONI, et al.

       Defendants.

Civ. No. 15-7606 (NLH/JS)

**OPINION**

**APPEARANCES:**

JAMIE GOLDMAN, ESQ.
200 Centennial Avenue
Suite 200
Piscataway, New Jersey 08854
   *On behalf of Plaintiff*

ROBERT LOUGY, ACTING ATTORNEY GENERAL OF NEW JERSEY
By: Akeel A. Qureshi, Deputy Attorney General
25 Market Street, P.O. Box 116
Trenton, New Jersey 08625
   *On behalf of Defendants*

**HILLMAN**, District Judge

    Plaintiff Susan Chana Lask, Esq. brings this suit against the Honorable Louis R. Meloni, a Superior Court Judge in New Jersey. According to Lask, when she appeared before the judge as a pro se litigant, the judge made "conclusion driven, biased decisions favoring [Lask's adversary]" (Compl. ¶2), and held an *ex parte* "meeting" concerning the case without Lask present (Compl. ¶ 32), all because Judge Meloni and Lask's adversary are

allegedly "friends," and Lask's adversary is allegedly the judge's "crony." (Compl. ¶ 1, 3)  The suit also names Assignment Judge Deborah Silverman Katz as a Defendant, because she allegedly has supervisory power over Judge Meloni.

The Complaint asserts three claims: (1) § 1983 / Due Process violations; (2) "violations of Article I, Section 1 of the New Jersey Constitution (Substantive Due Process) N.J.S.A. 10:6-1 et seq."; and (3) § 1983 / First Amendment retaliation.[1]

Defendants move to dismiss the complaint.  For the reasons stated herein, the Court will grant the motion as to the federal law claims (Counts 1 and 3); and decline to exercise supplemental jurisdiction over the remaining state law claim (Count 2).

I.

Lask alleges that Judge Meloni took the following actions:

- "In August, 2014, with no basis in law or fact, Meloni ordered Plaintiff Lask to release her confidential attorney-client communications to [her adversary]." (Compl. ¶ 18)

- "In August, 2014, [Judge Meloni] permitted [Plaintiff's adversary] to lie . . . so that [the judge] could rule in favor of [Plaintiff's adversary.]" (Compl. ¶ 19)

- "In August, 2014 . . . [Judge Meloni] . . . refused any adjournment to Plaintiff on a motion schedule." (Compl. ¶ 20)

---

[1] The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2

- "On October 31, 2014, without basis in law or fact, [Judge Meloni] dismissed two counts of Plaintiff's complaint." (Compl. ¶ 22)

- While on the bench, in open court, during various hearings [Judge Meloni] allegedly "encouraged" Plaintiff's adversary to "intimidate" Plaintiff, "interrupted" Plaintiff, stated that Plaintiff "was in discovery default," and "dismissed [Plaintiff's case] without prejudice." (Compl. ¶¶ 24, 30, 31)

- "[I]gnored Plaintiff's several motions." (Compl. ¶ 25)

- Denied or "refused to grant" Plaintiff's motions (Compl. ¶ 27)

- On January 26, 2015, Judge Meloni allegedly held an "*ex parte* meeting" on the record with all counsel present (except Plaintiff) "on the pretense that it was the trial date" for Plaintiff's case. (Compl. ¶ 32)[2]

Lask has sued Judge Meloni in his official and personal capacities. Judge Silverman Katz is sued only in her official capacity.

Lask seeks declaratory and injunctive relief, as well as monetary damages.

## II.

---

[2] While the complaint alleges an *ex parte* "meeting," the official transcript of the "meeting," which Plaintiff attaches to her complaint, is entitled "Transcript of Hearing," bears the docket number CAM-L-1791-14, and appears to be prepared by an official court reporter. The transcript begins, "THE COURT: All right. This is the matter of Lask v. Florence, et al., docket number L-1791-14. Counsel will you enter your appearances?" (Compl. Ex. C)

3

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. *Bogosian v. Gulf Oil Corp.*, 562 F.2d 434, 446 (3d Cir. 1977). However, "the Federal Rules of Civil Procedure . . . do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009)("Our decision in

4

*Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

### III.

**A.   The § 1983 claims for money damages are barred by absolute judicial immunity**

A judicial officer in the performance of his or her duties has absolute immunity from suit and will not be liable for his or her judicial acts.  *Mireles v. Waco*, 502 U.S. 9 (1991).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)(citation omitted).

All of the allegations in Lask's complaint relate to actions taken by Judges Meloni and Silverman Katz in their capacities as judges.  Lask has not set forth any facts that would plausibly support a conclusion that either of the judges' actions were taken in clear absence of jurisdiction.

Accordingly, Lask's § 1983 claims for money damages are barred.

**B.   The § 1983 claims for injunctive relief are barred by statute**

5

The Federal Courts Improvement Act of 1996 amended 42 U.S.C. § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

The complaint does not allege that a declaratory decree was violated or that declaratory relief is unavailable. Additionally, the injunctive relief Lask seeks only addresses actions taken by the judges in their judicial capacities. Accordingly, Lask's § 1983 claims for injunctive relief are barred.

**C.   The Court declines to issue declaratory relief**

Lask requests "a declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of New Jersey." (Compl. "Prayer for Relief" ¶ A)

Under the Declaratory Judgment Act, district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a)(emphasis added).  Whether to exercise this permissive grant of jurisdiction is within the

6

discretion of the District Court. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 135 (3d Cir. 2014).

Given the nature and disposition of the other claims asserted, the Court declines to issue declaratory relief. *See generally Emory v. Peeler,* 756 F.2d 1547, 1552 (11th Cir. 1985) ("A declaration that Judge Peeler's past conduct violated Emory's constitutional rights and Georgia law would be nothing more than a gratuitous comment without any force or effect.")(internal citation and quotation omitted); *Johnson v. McCuskey,* 72 F. App'x 475, 477 (7th Cir. 2003)(declining to "'declare that Magistrate Judge Bernthal and Judge McCuskey acted improperly in various ways when deciding the motion for a change of venue.'").

**D.   The Court declines to exercise supplemental jurisdiction over the remaining state law claim**

The Third Circuit has repeatedly stated, "'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state law claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)(citing 28 U.S.C. § 1367(c)(3), and quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995))(emphasis added); *cf. Sarpolis v.*

7

*Tereshko*, 625 F. App'x 594, 600 (3d Cir. 2016)(affirming district court's retention and exercise of supplemental jurisdiction under § 1367(c)(3) because the district court had "an affirmative justification for exercising supplemental jurisdiction.")(quoting *Hedges*).

The Court finds no sufficient affirmative justification for retaining supplemental jurisdiction of the remaining state law claim.  That claim will be dismissed without prejudice to Lask's right to refile in the appropriate state forum.

**IV.**

For the foregoing reasons, Defendants' Motion to Dismiss will be granted as to the federal law claims.  The remaining state law claim will be dismissed without prejudice.


Dated: December 1, 2016
At Camden, New Jersey

                                            s/ Noel L. Hillman
                                          NOEL L. HILLMAN, U.S.D.J.